UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LATIKWA D. CUNNINGHAM,

                                        Plaintiff,           Case # 17-CV-1135-FPG

v.                                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

## INTRODUCTION

Plaintiff Latikwa D. Cunningham brings this action pursuant to the Social Security Act seeking review of the denial of her Supplemental Security Income ("SSI") application. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 15. For the reasons that follow, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

On August 8, 2013, Cunningham applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 241-46. She alleged disability since March 1, 2013 due to partial loss of use in her left arm, herniated and bulging discs in her neck, high blood pressure, post-traumatic stress disorder, severe depression, and anxiety. Tr. 139-40. Cunningham later amended her alleged disability onset date to August 8, 2013. Tr. 295.

On October 22, 2015, Cunningham testified at a hearing before Administrative Law Judge Sharon Seeley ("the ALJ"). Tr. 95-137. On February 8, 2016, after the ALJ received additional medical evidence, Cunningham and a vocational expert ("VE") testified at a supplemental hearing

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 19.

before the ALJ. Tr. 64-94. On May 13, 2016, the ALJ issued a decision finding Cunningham not disabled. Tr. 11-29. On September 5, 2017, the Appeals Council denied Cunningham's request for review. Tr. 1-7. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Cunningham's claim for benefits under the process described above. At step one, the ALJ found that Cunningham had not engaged in substantial gainful activity since the application date. Tr. 13. At step two, the ALJ found that Cunningham has the following severe

impairments: anxiety and affective disorders; alcohol dependence in partial remission; degenerative disc disease of the cervical spine; left shoulder impairment status-post surgical removal of the clavicle; and obesity. *Id.* At step three, the ALJ found that these impairments, alone or in combination, do not meet or medically equal any Listings impairment. Tr. 13-16.

Next, the ALJ determined that Cunningham retains the RFC to perform light work[2] with additional limitations. Tr. 16-27. Specifically, the ALJ found that Cunningham can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently, but cannot lift over 10 pounds with her left arm; can occasionally reach overhead with her left arm, but cannot perform repetitive motions; can occasionally balance, stoop, kneel, crouch, and crawl; and can occasionally climb stairs and ramps but cannot climb ladders, ropes, or scaffolds. Tr. 16. The ALJ also found that Cunningham can understand, remember, and carry out simple instructions and tasks and make simple work-related decisions commensurate with such tasks; can occasionally interact with coworkers and the public; and requires a low-stress work environment, *i.e.*, one without supervisory responsibilities or frequent changes in work routines, processes, or settings. *Id.*

At step four, the ALJ indicated that Cunningham has no past relevant work. Tr. 27. At step five, the ALJ determined that Cunningham can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 27-28. Specifically, the VE testified that Cunningham can work as an office helper, hand packager, and garment sorter. Tr. 28. Thus, the ALJ concluded that Cunningham was not disabled. Tr. 29.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

4

## II. Analysis

Cunningham argues that remand is required because the ALJ violated the treating physician rule and the RFC determination lacks substantial evidence. ECF No. 12-1 at 25. The Court addresses these arguments in turn below.

### A. Treating Physician Rule

Cunningham contends that the ALJ violated the treating physician rule when she evaluated the opinion of Michael D. Calabrese, M.D. ECF No. 12-1 at 20-22. Specifically, Cunningham asserts that the ALJ should have afforded controlling weight to Dr. Calabrese's opinion that she would be off task for 25% or more of an eight-hour workday. *Id.*

Under the treating physician rule, the ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but she must "comprehensively set forth [her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

When a treating physician's opinion is not given controlling weight, the ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of

5

expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6).

On October 19, 2015, Dr. Calabrese completed a Cervical Spine Medical Source Statement wherein he opined that Cunningham's symptoms would make her off task for 25% or more of an eight-hour workday. Tr. 1269-73. Throughout the form, Dr. Calabrese wrote "see attached," which refers to Dr. Calabrese's September 25, 2015 treatment notes. Tr. 1274-80. Instead of opining as to Cunningham's ability to sit, stand, walk, and do other physical work-related activities, Dr. Calabrese wrote "FCE needed." Tr. 1271-72. "FCE" refers to Functional Capacity Evaluation, but there is no indication that Dr. Calabrese ever completed such an evaluation.

The ALJ rejected Dr. Calabrese's opinion that Cunningham would be off task more than 25% of the workday because she found it "conclusory and poorly supported by objective medical findings." Tr. 27. Specifically, the ALJ pointed out that Dr. Calabrese's opinion contained "no explanation or support . . . other than a reference to an FCE that never occurred and the notation, 'see attached.'" *Id.* The ALJ concluded that the findings in the attached treatment notes and Cunningham's conservative treatment history were inconsistent with Dr. Calabrese's opinion. *Id.* She also noted that Dr. Calabrese did not provide "any actual physical functional limitations to support his statements regarding off-task time." *Id.*

Cunningham does not argue that the ALJ's discussion of Dr. Calabrese's opinion lacked the requisite good reasons; rather, she asserts that Dr. Calabrese's opinion was entitled to controlling weight based on certain record evidence. But the Court is not concerned with whether substantial evidence supports Cunningham's position; rather, the Court must decide whether substantial evidence supports the ALJ's decision. *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order). Here, in accordance with the regulations, the ALJ discounted

6

Dr. Calabrese's opinion because it was not well-explained or supported by objective medical findings or the record as a whole. *See* 20 C.F.R. § 416.927(c)(3)-(4). In contrast to Dr. Calabrese's opinion that Cunningham would be off task, the record contained other medical opinions, upon which the ALJ relied, that indicated that Cunningham can maintain attention, concentration, and a regular schedule and can work without restrictions. Tr. 24-27, 149, 1074-75, 1158-59.

Accordingly, the Court finds that the ALJ properly evaluated Dr. Calabrese's opinion.

**B.     RFC Determination**

Cunningham also argues that the RFC determination is improper because it lacks certain additional non-exertional limitations. ECF No. 12-1 at 22-25.

A claimant's RFC reflects what he or she "can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To make the RFC determination, "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Id.* (citation omitted); *see also* 20 C.F.R. § 416.945(a). The ALJ assesses RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3).

First, Cunningham asserts that the RFC does not "incorporate any of the symptoms, restrictions, and limitations associated with [her] headaches" (ECF No. 12-1 at 23), but she does not set forth any specific limitations that the ALJ should have included.[3] The ALJ acknowledged

---

[3] Cunningham also states that "the ALJ fail[ed] to even find headaches to be a severe impairment," but she does not advance this argument in any way. ECF No. 12-1 at 23. Accordingly, "the Court need not address that argument because it is completely undeveloped." *Metro. Prop. & Cas. Ins. Co. v. Sarris*, No. 115CV0780LEKDJS, 2017 WL 3252812, at *15 (N.D.N.Y. July 28, 2017); *see also Herbert v. Architect of Capitol*, 839 F. Supp. 2d 284, 298 (D.D.C. 2012) ("[T]he [defendant] has simply failed to support its argument with any meaningful measure of factual or legal argument. Courts need not consider cursory arguments of this kind, and the Court declines to do so here.").

Nonetheless, any such error to find Cunningham's headaches to be a severe impairment at step two would be harmless because the ALJ found other severe impairments and considered Cunningham's headaches throughout the RFC

and discussed Cunningham's headaches throughout her RFC analysis, including the fact that occipital injections improved her symptoms. Tr. 21-22 (citing Tr. 1383, 1244). The ALJ also considered Cunningham's conservative treatment history, especially that she did not receive neck surgery, even though record evidence indicates that surgery may have improved her headaches. Tr. 23 (citing Tr. 1249, 1369, 1404); *see* 20 C.F.R. § 416.929(c)(3)(v) (explaining that the ALJ can consider treatment the claimant has received when she evaluates the claimant's statements about her symptoms).

Although Cunningham testified to frequent and painful headaches, the ALJ evaluated those allegations in light of Cunningham's work history, the vagueness and inconsistency of many of her statements, daily activities, and alcohol use. Tr. 23-24; *see* 20 C.F.R. § 416.929(c)(3)(i)-(vii) (explaining that the ALJ is entitled to consider a variety of factors when she evaluates a claimant's statements about pain). The ALJ reasonably concluded that Cunningham's statements about her symptoms were not entirely consistent with the medical and other record evidence (Tr. 17), and Cunningham does not dispute this finding.

Second, Cunningham contends that the RFC does not account for Dr. Calabrese's opinion that she would be off task for more than 25% of the workday and cannot handle even low stress work.[4] ECF No. 12-1 at 24. As explained above, however, the ALJ properly discounted this opinion and therefore did not have to include Dr. Calabrese's opined limitations into the RFC. Moreover, the record contains other medical opinions indicating that Cunningham can maintain

---

analysis. *See Hayes v. Berryhill*, No. 17-CV-6354-FPG, 2018 WL 3069116, at *3 (W.D.N.Y. June 21, 2018) ("If the ALJ fails to make a severity determination as to an impairment, it is a harmless error if the ALJ finds other severe impairments, and thus continues the disability analysis, and considers all impairments in the RFC determination.").

[4] The ALJ rejected Dr. Calabrese's opinion that Cunningham was incapable of performing even low stress work for the same reasons she rejected his opinion as to off task time (*see* Tr. 27), as described in greater detail above.

attention, concentration, and a regular schedule, is only mildly limited in her ability to appropriately deal with stress, and can work without restrictions. Tr. 149, 1074-75, 1158-59.

Finally, Cunningham asserts that the RFC does not account for absences from work because her weekly mental health program and likelihood of hospitalizations will prevent her from maintaining appropriate attendance. ECF No. 12-1 at 24. Despite Cunningham's contention to the contrary, the consultative psychiatric examiner opined that she can maintain a regular schedule (Tr. 1074-75) and the state agency review doctor opined that she is "not significantly limited" in her ability to perform activities within a schedule, maintain regular attendance, be punctual, and complete a normal workday and workweek (Tr. 149). The ALJ also discussed Cunningham's prior hospitalizations and reasonably concluded, with citations to supporting record evidence, that those incidents were due to acute exacerbation of her symptoms when she was off medication or not receiving therapy. Tr. 17-20 (citing Tr. 1073, 1178, 1180, 1217-18, 1220-22, 1231-32).

Accordingly, the Court finds that the ALJ did not err and additional limitations were not warranted.

## CONCLUSION

The Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is GRANTED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 9, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court